IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-643-DCK

| | |
|---|---|
| FCCI INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| CHRISTOPHER B. HONEYCUTT, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment Against Defendant Christopher B. Honeycutt" (Document No. 16) and Plaintiff's "Request for Ruling on Summary Judgment Motion" (Document No. 24). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions.

## I. BACKGROUND

FCCI Insurance Company ("Plaintiff" or "FCCI") initiated this action with the filing of a "Verified Complaint" (Document No. 1) (the "Complaint") on November 19, 2020. The Complaint states that "[t]his lawsuit arises out of a General Indemnity Agreement Contract Bonds ("Indemnity Agreement") and several payment performance bonds for two construction projects." (Document No. 1, p. 2). Plaintiff alleges that Honeycutt Grading, Christopher B. Honeycutt, and Mattie S. Honeycutt executed the Indemnity Agreement on or about May 16, 2018. (Document

No. 1, p. 3). Plaintiff refers to Christopher B. Honeycutt and Mattie S. Honeycutt as "Indemnitors" or "Defendants." (Document No. 1, p. 2).

The Complaint alleges that Defendants have not fulfilled their obligations to Plaintiff under the Indemnity Agreement and are liable for: (1) breach of contract – failure to post collateral security; and (2) breach of contract – failure to exonerate and indemnify. (Document No. 1, pp. 11-15). Plaintiff seeks damages "in the amount of $704,121.94 on FCCI's First Cause of Action," and "in the amount of $707,171.94 on its Second Cause of Action," plus interest and attorneys' fees. (Document No. 1, p. 15). "[I]f the Court awards judgment on both FCCI's First and Second Causes of Action, . . . FCCI will accept, the higher of the two awards." Id.

The parties filed a "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 12) on March 24, 2021. Soon thereafter, the Court issued a "Case Management Order" including the following deadlines: discovery completion – October 18, 2021; mediation report – November 3, 2021; dispositive motions- November 12, 2021; and trial – on or about February 7, 2022. (Document No. 13).

Wayne P. Huckel filed a "Certification Of Mediation Session" (Document No. 15) on July 21, 2021, reporting that the case was partially resolved – settled as to one Defendant. Eventually, a "Joint Motion for Consent Judgment as to Mattie S. Honeycutt…" (Document No. 25) was filed, and the Court then entered a "Consent Judgment" (Document No. 27) in favor of Plaintiff and against Defendant Mattie Honeycutt.

"Plaintiff's Moton For Summary Judgment Against Defendant Christopher B. Honeycutt" (Document No. 16) and "Memorandum In Support…" (Document No. 16-1) were filed on August 6, 2021. The "…Motion For Summary Judgment…" asserts that

2

> FCCI is entitled to summary judgment because the Verified Complaint [and] FCCI's Memorandum in Support of Summary Judgment show that there is no genuine issue as to any material fact and that FCCI is entitled to judgment against Christopher B. Honeycutt as a matter of law. Defendant has not and cannot provide any evidence of a material fact that would question FCCI's entitlement to recover against Christopher B. Honeycutt for violating the parties' duly executed Indemnity Agreement.

(Document No. 16, pp. 1-2).

Christopher B. Honeycutt ("Defendant") subsequently filed three (3) motions for extension of time to respond to the pending motion for summary judgment. (Document Nos. 17, 20, and 22). Defendant's latest deadline to file a response was November 3, 2021. (Document No. 23). On November 22, 2021, after Defendant Plaintiff failed to file any response, Plaintiff filed a "Request for Ruling on Summary Judgment Motion" (Document No. 24).

Finally, on November 30, 2021, "Defendant Christopher B. Honeycutt's Response To Plaintiff's Motion For Summary Judgement" (Document No. 26) was filed with the Court. Defendant's "response" consists of one sentence:

> Defendant relies on the responses and defenses raised in his Answer (Document No. 9) and other pleadings filed in this matter.

(Document No. 26, p. 10).

Plaintiff's pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

Once the movant's initial burden is met, the burden shifts to the nonmoving party. Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. At summary judgment, it is inappropriate for a court to weigh evidence or make credibility determinations. Id.

### III. DISCUSSION

In support of its motion for summary judgment, Plaintiff notes that Christopher B. Honeycutt ("Defendant" or "Mr. Honeycutt") and his wife, Mattie S. Honeycutt ("Ms. Honeycutt") (together, "Defendants"), signed the underlying Indemnity Agreement (Document No. 1-1) "with FCCI to induce FCCI to issue bonds for Mr. Honeycutt's grading business, CB Honeycutt Grading, Inc. ("HGI") on two public construction contracts in North Carolina." (Document No. 16-1, p. 2). "HGI failed to perform on both jobs and eventually filed bankruptcy in the U.S. District Court for

4

the Western District of North Carolina."  Id.  Plaintiff contends that after investigating and negotiating reductions in many claims, it "paid payment and performance-bond claims for HGI's two jobs."  Id.  "The investigations, negotiations, and claim payments are collectively known as 'loss-adjustment expenses.'"  Id.

Plaintiff asserts that Mr. Honeycutt has failed to:  "(1) reimburse FCCI for all loss-adjustment expenses and payments;  and (2) provide FCCI collateral security whenever FCCI deems itself insecure" as is unequivocally required by the Indemnity Agreement.  (Document No. 16-1, p. 9).  Plaintiff concludes that "[t]here is no evidence or case law contraindicating the Indemnity Agreement's clear language."

Plaintiff's long-delayed one sentence response presents no argument, facts, or even a suggestion that there is a genuine issue for trial in this case.  (Document No. 26).  Moreover, Defendant's reliance "on the response and defenses raised in his Answer" has been expressly rejected by the Supreme Court as noted above.  See Anderson, 477 U.S. at 248 (quoting First National Bank Of Arizona v. Cities Service Co., 391 U.S. 253, 288 (1968) (quoting Fed.R.Civ.P. 56(e)) ("a party opposing a properly supported motion for summary judgment "'**may not rest upon the mere allegations or denials of his pleading**, but ... must set forth specific facts showing that there is a genuine issue for trial.'") (emphasis added).

Based on the record, applicable authority, Plaintiff's motion, and Defendant's inadequate response, the undersigned finds that Defendant Christopher Honeycutt is liable for breach of contract as alleged by Plaintiff, and that summary judgment is appropriate.

As to damages, Plaintiff contends that it "expended at least $707,171.94 investigating and fulfilling bond claims for HGI's two jobs" and "Mr. Honeycutt is liable to repay FCCI that sum,

5

plus interest at the highest legal rate from October 31, 2020, and reasonable attorneys' fees in pursuing this action." (Document No. 16-1, p. 11). Plaintiff also acknowledges that Mr. Honeycutt is "entitled to a set off for the amount of the Consent Judgment against Ms. Honeycutt." (Document No. 16-1, p. 1, n. 1). The Consent Judgment provides that Mattie Honeycutt is liable for **$205,000.00** plus interest. (Document No. 27).

The undersigned will direct Plaintiff to submit supplemental briefing identifying the total damages owed Plaintiff by Christopher B. Honeycutt, including amounts for: breach of contract, reasonable attorneys' fees expended in this action, the offset of Mattie S. Honeycutt's "Consent Judgment," and interest accrued since October 31, 2020. Plaintiff's counsel is directed to confer with Defendant's counsel to seek agreement on the damages calculation and to report the result of the consultation to the Court.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Summary Judgment Against Defendant Christopher B. Honeycutt" (Document No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Request for Ruling on Summary Judgment Motion" (Document No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a supplemental brief in support of its total claim for damages, as described above and including a proposed Order, on or before **January 21, 2022**. In the alternative, the parties may file a motion and proposed Order for Consent Judgment.

**SO ORDERED**.

Signed: January 5, 2022

_____
David C. Keesler
United States Magistrate Judge